**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

MOHAMMED THABATA,         )
          )
      Petitioner,     )
          )
v.          )      Case No. CIV-26-531-J
          )
TODD BLANCHE, et al.,     )
          )
      Respondents.   )

## ORDER

Petitioner filed a Verified Petition for Writ of Habeas Corpus [Doc. No. 1]. The matter was referred to United States Magistrate Judge Suzanne Mitchell who entered a Report and Recommendation recommending that the Court (1) grant the Petition in part; (2) order Respondents to release Petitioner from custody immediately, under the terms of an appropriate Order of Supervision (OOS); and (3) order Respondents to certify compliance by filing a status report within ten business days of the Court's order. (Rep. & Rec.) [Doc. No. 15]. Respondents filed a timely Objection (Obj.) [Doc. No. 16], triggering de novo review on their specific objections. *See* Fed. R. Civ. P. 72(b)(3); *Quint v. Vail Resorts, Inc.*, 89 F.4th 803, 808 (10th Cir. 2023). Petitioner did not object.

## I.    Background

The essential facts are undisputed. Petitioner is a stateless Palestinian who came to the United States legally in December 2009. However, after he entered a criminal guilty plea, Immigration and Customs Enforcement (ICE) took Petitioner into custody in September 2021. Petitioner was charged as removable under the Immigration and Nationality Act (INA) § 237(a)(2)(E)(i). In December 2021, an immigration judge ordered Petitioner removed to Palestine,

or in the alternative, to Jordan.  However, in January 2022, officials declared there was no significant likelihood of removing Petitioner and he was released on an OOS the same month.

In September 2025, following Petitioner's criminal probation violation, ICE issued a "warrant of removal/deportation" and re-detained Petitioner.  He applied for a Palestinian passport in November 2025, but that document has not been approved.  On December 4, 2025, ICE submitted a request to Isreal for Petitioner's removal, but again, no approval has been forthcoming.

Petitioner raises four grounds for relief, arguing that (1) he was detained under 8 U.S.C. § 1231(a)(1) and there is no significant likelihood of his removal in the reasonably foreseeable future; (2) Respondents are violating federal law and regulations with his continued detention; (3) his Fifth Amendment rights have been violated; and (4) Respondents' conduct violates the Administrative Procedures Act (APA).

## II.    Report and Recommendation

On review, Judge Mitchell concluded that: (1) the Court has jurisdiction to hear all but Petitioner's APA claim; (2) Respondents violated 8 C.F.R. § 241.13(i) when they re-detained Petitioner without specific notice and without an interview; and (3) Respondents have not met their burden of showing that Petitioner's removal is significantly likely in the foreseeable future under the Fifth Amendment and *Zadvydas v. Davis*, 533 U.S. 678 (2001).  *See* Rep. & Rec. at 6-14. However, Judge Mitchell concluded that 28 U.S.C. § 2241 is not the proper vehicle for Petitioner's APA claim.  *See id.* at 14.

III.    **Analysis**

    A.    **Jurisdiction**

Respondents first object on grounds that the Court lacks jurisdiction under 8 U.S.C. § 1252(g) and § 1252(b)(9).  *See* Obj. at 5-9.  On de novo review, this argument is rejected.  This Court and many others have already concluded that neither statute strips the district court of jurisdiction.  *See Bui v. Bondi*, No. CIV-26-91-J, 2026 WL 788947, at *1 (W.D. Okla. Mar. 20, 2026); *Uygur v. Grant*, No. CIV-26-676-D, 2026 WL 1165429, at *1 (W.D. Okla. Apr. 29, 2026) ("because Petitioner is challenging his order of detention, and not an order of removal, . . . provisions [§ 1252(g) and § 1252(b)(9)] do not deprive the Court of jurisdiction").  Respondents' arguments to the contrary do not alter the Court's conclusion.

    B.    **INA Violation**

As noted, Judge Mitchell found that Respondents violated the INA, specifically § 241.13, when they re-detained Petitioner without notice or an interview.  *See* Rep. & Rec. at 7-10.  Respondents do not specifically address this finding, *see* Obj., *passim*, thus waiving de novo review.  *See Singh v. De Anda-Ybarra*, No. CIV-26-218-J, 2026 WL 973285, at *1 (W.D. Okla. Apr. 10, 2026) (declining de novo review on any issue not specifically addressed in an objection).  This portion of the Report and Recommendation is therefore ADOPTED without further discussion.

Respondents do object to Judge Mitchell's purposed remedy – Petitioner's release from custody – based on an INA violation.  *See* Obj. at 9-13.  Respondents believe the error was harmless and that violation of "a *regulation*" does not allow relief under § 2241(c)(3).  *Id.* at 9; *see also id.* at 9-13.  But the harmless error doctrine does not apply here, *see Owdetallah v. Bondi*, No. CIV-25-1546-SLP, 2026 WL 483648, at *4-6 (W.D. Okla. Feb. 20, 2026) (analyzing § 241.13 and

3

concluding that "regulatory violations under § 241.13 implicate due process concerns even without a prejudice inquiry"), and "regulatory defects amount to due process violations that entitled a petitioner to habeas relief [under § 2241(c)(3)]." *Nguyen v. Bondi*, No. CIV-26-0056-HE, 2026 WL 1034405, at *1 (W.D. Okla. Apr. 16, 2026); *see also Li v. Bondi*, No. CIV-25-1480-J, 2026 WL 475133, at *3 (W.D. Okla. Feb. 19, 2026) (rejecting the government's arguments that a violation of § 241.13 can be harmless and that § 2241 relief is unavailable for a regulation violation). Accordingly, on de novo review, Judge Mitchell's recommendation that release is the proper remedy for the violation of § 241.13 is ADOPTED.

### C. The Fifth Amendment and *Zadvydas*

In *Zadvydas*, the Supreme Court held that detention is permitted only for "a period reasonably necessary to bring about that alien's removal from the United States" and "once removal is no longer reasonably foreseeable, continued detention is no longer authorized." *Zadvydas*, 533 U.S. at 689, 699. The Court identified six months as a presumptively reasonable period, after which a petitioner must show "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.* at 701. The government must then "respond with evidence sufficient to rebut that showing" or release the individual. *Id.*

Judge Mitchell found that Petitioner met his burden but Respondents disagree, arguing that Petitioner's arguments rest on "speculation and conjecture." Obj. at 3. The Court rejects this argument.

Petitioner was released on a OOS in January 2022 after officials declared there was no significant likelihood of removing him. Over four years later, Petitioner still lacks a passport to enter Palestine, Respondents have not obtained any travel documents for Petitioner, and Isreal has not approved his removal though the request was submitted on December 4, 2025, almost six

4

months ago.  Such prolonged silence reinforces that removal is not significantly likely in the reasonably foreseeable future.  *See Qui v. Carter*, 2025 WL 2770502, at * 4 (D. Kan. Sept. 26, 2025) (noting "no activity in the last three months"); *Nfumu v. Grant*, No. CIV-25-1574-J, 2026 WL 637618, at *2 (W.D. Okla. Mar. 6, 2026).  In sum, the Court agrees with Judge Mitchell that Petitioner carried his burden of showing good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future and Respondents did not respond with sufficient evidence in rebuttal.  Again, the Report and Recommendation is ADOPTED on this issue.

### D.    The APA

Finally, Judge Mitchell concluded that Petitioner's APA claim is not properly raised in a § 2241 Petition.  *See* Rep. & Rec. at 14.  No party objected, and this finding is ADOPTED.

## IV.    Conclusion

For the reasons discussed above, the Court ADOPTS the Report and Recommendation [Doc. No. 15], GRANTS Petitioner's Verified Petition for Writ of Habeas Corpus [Doc. No. 1] in part, ORDERS Petitioner be released from custody immediately, subject to an appropriate OOS, and ORDERS Respondents to certify compliance by filing a status report within ten business days of the Court's order.

A separate judgment will enter.

IT IS SO ORDERED this 28th day of May, 2026.

BERNARD M. JONES, II
UNITED STATES DISTRICT JUDGE